No. 04-449

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 341N

MIKE PAFFHAUSEN,

      Plaintiff and Respondent,

   v.

U. S. BANCORP PIPER JAFFRAY, INC.;
PIPER JAFFRAY, INC.; ROBERT ENGLISH;
THOMAS J. O'NEILL; and JOHN DOES I through X,

      Defendants and Appellants.

APPEAL FROM:    The District Court of the Second Judicial District,
                In and For the County of Silver Bow, Cause No. DV 2002-79,
                Honorable Kurt D. Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

           Stanley Kaleczyc and Brand Boyar, Browning, Kaleczyc, Berry & Hoven,
           Helena, Montana

           John S. Lutz, Fairfield & Woods, Denver Colorado (U.S. Bancorp)

           Robert Phillips and John Haffey, Phillips & Bohyer,
           Missoula, Montana (O'Neill)

      For Respondent:

           Tina Morin, Poore, Roth & Robinson, Butte, Montana

Submitted on Briefs:  May 11, 2005

Decided:  December 28, 2005

Filed:

_____
                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.

¶2 U.S. Bancorp Piper Jaffray Inc., et.al. (Piper) appeals from the order of the District Court denying their motion to compel arbitration of the claims of Respondent Mike Paffhausen. We affirm.

¶3 This is one of twenty-three cases brought by customers of Piper which allege mismanagement of their accounts in the corporation's Butte office. Respondent Mike Paffhausen (Paffhausen) opened an account with Piper in the mid-1990s, and in so doing, signed a PAT Plus Account agreement. That agreement included an arbitration provision identical to that which was the subject of this Court's holding in *Willems v. U.S. Bancorp Piper Jaffray, Inc*., 2005 MT 37, 326 Mont. 103, 107 P.3d 465. In that case we held that where an agreement gives an investment broker broad discretion to control an investor's holdings, a fiduciary duty arises, and requires the broker to advise the investor of arbitration clauses. *Willems*, ¶ 24. Because Piper did not so advise in *Willems*, the arbitration clause was held unenforceable. *Willems*, ¶ 24, ¶ 28.

¶4     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶5     The facts before us today compel the conclusion reached in *Willems*. Per agreement, Piper had broad discretion to invest Paffhausen's investment holdings. Therefore, a fiduciary duty arose automatically, and required Piper to advise Paffhausen regarding the arbitration clause at the time of the agreement's presentation to Paffhausen for signature. *Willems*, ¶ 24. Piper did not so advise Paffhausen. Consequently, the pre-dispute arbitration clause offered by Piper in support of its motion to compel arbitration is unenforceable.

¶6     Affirmed.

/S/ JIM RICE

We concur:

/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ JOHN WARNER